UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYLIN HARRIS,

    Plaintiff,

v.

Case No. 25-cv-11590
Honorable Linda V. Parker

JANICE WINFREY and
CITY OF DETROIT
ELECTION COMMISSION,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT

On May 29, 2025, Jaylin Harris filed an "Emergency Complaint for Mandamus and Injunctive Relief" against Janice Winfrey, in her official capacity as City of Detroit Clerk, and the City of Detroit Election Commission. (ECF No. 1.) In the filing, Harris complains about his inability to run for public office(s) because of a "back balance" from previous campaigns and issues related to his residency. Harris also filed an application to proceed in forma pauperis ("IFP") (ECF No. 2) and an emergency motion for hearing (ECF No. 4). The Court **GRANTS** Harris' application to proceed IFP. However, it is requiring him to file an amended Complaint because his current pleading fails to establish a basis for federal subject matter jurisdiction.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Generally, federal courts have jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331 ("federal question jurisdiction"), or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 18 U.S.C. § 1332 ("diversity jurisdiction"). Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1).

Even when read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Harris' Complaint does not reflect federal subject matter jurisdiction. A court may sua sponte dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) where subject matter jurisdiction is lacking. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)).

Harris does not assert a violation of federal law in his Complaint. He refers only to City of Detroit election requirements. Diversity jurisdiction is lacking as Harris appears

to be a citizen of Michigan and he is suing a Michigan municipality and an official within that municipality. It is not in fact clear whether Harris intended to file a federal court lawsuit, as the heading of his Complaint refers to the Circuit Court for Wayne County, Michigan.

Accordingly, within **fourteen (14) days**, Harris shall file an amended complaint setting forth a basis for federal subject matter jurisdiction, or this action will be dismissed without prejudice. If Harris intended to initiate this action in state court, he may move to voluntarily dismiss it with prejudice and do so.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 3, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 3, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager