UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYLIN HARRIS,
                  Plaintiff,

v.

JANICE WINFREY and CITY OF
DETROIT ELECTION
COMMISSION,
                  Defendants.
_____/

Case No. 25-11590

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT and DENYING MOTION (ECF No. 4)

Plaintiff filed a complaint alleging that Defendants Winfrey, a City of Detroit Clerk, and the City of Detroit Election Commission are preventing his name being placed on the ballot to run for police commissioner in an upcoming election. (ECF No. 1). It appeared that the original complaint alleged violations of state law, so the Court ordered Plaintiff to file an amended complaint asserting a violation of federal law or to withdraw his lawsuit and file in state court. (ECF No. 6).

Plaintiff filed an amended complaint on June 9, 2025. (ECF No. 7). He now asserts that Defendants' withholding ballot access violates his rights under the First Amendment to the United States Constitution. Having stated a violation of federal

law, the Court moved forward to attempting to serve the summons and complaint on Defendants.

There are a couple of problems with the amended complaint that require fixing. The first is that the amended complaint does not appear to state all of the allegations. The original complaint has some factual allegations, for instance Plaintiff named the office for which he intends to run and the reasons why his ballot access is being denied. The amended complaint contains none of these allegations (he mentions being placed on the ballot for police commissioner in the relief requested, not in the factual allegations). An amended complaint **must state all the allegations** the plaintiff intends to be part of the lawsuit. *See* E.D. Mich. Local Rule 15.1. Neither the Court nor the Defendants will refer to prior pleadings to piece together the claims.

The second issue is the scant factual and legal development in both complaints. Federal Rule of Civil Procedure 8(a) requires a plaintiff to provide "a short and plain statement" of the grounds for the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and the relief requested. The allegations Plaintiff provided in both complaints do not satisfy this rule.

So Plaintiff is **ORDERED** to file a second amended complaint that contains all the allegations. This second amended complaint should include every fact

2

relevant to his claims and support for why he believes the Defendants' actions violated his First Amendment rights. He should include how both Defendants were involved in the alleged violations. The second amended complaint must be filed **on or before June 30, 2025**. If no second amended complaint is filed, the Court will proceed with the allegations in the first amended complaint, which may be screened under 28 U.S.C. § 1915(e)(2)(B), as Plaintiff is proceeding *in forma pauperis*.

On May 30, 2025, Plaintiff moved the Court to have a hearing on his case. (ECF No. 4). This motion is **DENIED**. Though the title of his motion indicates that he seeks injunctive relief, there is no briefing for a preliminary injunction or temporary restraining order. The Court does not hear argument on issues that have not been brought to the Court. The Court also does not conduct general hearings on the merits of a case.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 16, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 16, 2025.

s/Sara Krause
Case Manager
(810) 341-7850