UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYLIN HARRIS

     Plaintiff,

                          Case No. 25-cv-11590
v.                      Honorable Linda V. Parker
                          Magistrate Judge Curtis Ivy, Jr.

JANICE WINFREY and
CITY OF DETROIT ELECTION COMMISSION

     Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE IVY'S SEPTEMBER 30, 2025, REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT**

On May 29, 2025, Plaintiff filed an "Emergency Complaint for Mandamus and Injunctive Relief" against Janice Winfrey, in her official capacity as City of Detroit Clerk, and the City of Detroit Election Commission.  (ECF No. 1.)  In the filing, Plaintiff complained about his inability to run as a named candidate for Detroit's District 1 Police Commissioner because of a "back balance" stemming from 2021 and issues related to his residency.  (ECF No. 1 at PageID.2.)  The matter was referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28

U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 10.)

On June 3, 2025, the Court directed Plaintiff to file an amended complaint, as his initial complaint failed to specify the Court's basis for subject matter jurisdiction.  (ECF No. 6 at PageID.15-16.)  On June 9, 2025, Plaintiff filed his amended complaint and claimed that it was "unconstitutional to deny [his] placement on the ballot based on an outstanding balance."  (ECF No. 7 at PageID.17.)  On June 16, 2025, the Court directed Plaintiff to file a second amended complaint because he failed to include previously stated factual allegations relevant to his requested relief.  (ECF No. 11 at PageID.24.)  Magistrate Judge Ivy also determined that the legal development and facts in Plaintiff's second amended complaint failed to satisfy Federal Rule of Civil Procedure 8(a), which requires a plaintiff to provide "a short and plain statement" of the grounds for the court's jurisdiction, and "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*

Plaintiff filed his second amended complaint on June 30, 2025.  (ECF No. 14.)  Defendants filed a motion to dismiss the complaint on August 6, 2025.  (ECF No. 21.)  Plaintiff filed a response to Defendants' motion to dismiss as well as a motion for default judgment later that day on August 6, 2025.  (ECF Nos. 21 & 22.)

Presently before the Court is Judge Ivy's report and recommendation ("R&R") dated September 30, 2025, which recommends that the Court grant Defendants' motion to dismiss and deny as moot Plaintiff's motion for default judgment.  (ECF No. 35.)  For the reasons set forth below, the Court affirms Judge Ivy's decision on Defendants' motion to dismiss, rejects Plaintiff's objections, and adopts the recommendation to grant Defendants' motion to dismiss and deny Plaintiff's motion for default judgment as moot.

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made."  28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Motion to Dismiss Due to Lack of Subject Matter Jurisdiction

Article III of the United States Constitution provides that federal courts may only exercise jurisdiction over an actual "case or controversy."  U.S CONST. art. III, § 2.  In order for a case or controversy to exist, the plaintiff must have "standing."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016).  To establish standing under Article III, the plaintiff must plead facts that show: (1) they suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560-61.

To establish an injury in fact, a plaintiff must demonstrate that they suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent," rather than "conjectural or hypothetical."  *Id*. at 560. The party invoking federal jurisdiction bears the burden of establishing these elements.  *Id*.  Here, Plaintiff bears this burden.  Given that the present matter is at the pleading stage, the Court will view all facts alleged in the complaint as true, and Plaintiff must present sufficient facts for the Court to determine that he has plausibly alleged standing.

4

**Application and Analysis**

The Court has conducted a de novo review of the portions of the R&R to which Plaintiff has objected. Specifically, Plaintiff objects to Judge Ivy's determination that: (1) Plaintiff suffered no injury in fact with respect to his attempt to run as a named candidate in Detroit's 2025 local election; (2) the injury Plaintiff alleged in his second amended complaint is hypothetical; (3) Plaintiff's concerns relating to Detroit's 2024 election are moot; and (4) Plaintiff did not establish subject matter jurisdiction.

**(a) No Injury in Fact**

Judge Ivy determined that Plaintiff did not suffer an injury with respect to his attempt to run as a named candidate because Plaintiff never submitted the required paperwork to appear on the ballot. (ECF No. 35 at PageID.149-150.) Upon review, the Court reaches the same conclusion. Plaintiff has not suffered a cognizable injury under Article III because he failed to submit the necessary paperwork to seek ballot access and, as a result, was never subject to any disqualification or adverse action by Defendant.

This fact is underscored by the affidavit of Gina Avery-Walker, who serves as the Director of the City of Detroit's Department of Elections. (ECF No. 20-1.) According to her affidavit, one of her responsibilities includes "preparing and signing disqualification notice letters to potential candidates for municipal offices

5

who have been disqualified from appearing on the ballot." (*Id.* at PageID.58.)  Ms.

Avery-Walker testified that "at no time in 2025 did the Department disqualify

Plaintiff . . . from running . . . during the 2025 election cycle." [1]  (*Id.*)

Additionally, even up until August 2, 2025, the Department still had not received

any paperwork from Plaintiff regarding his desire to be placed on the ballot during

the August 5, 2025, Primary Election, or the November 4, 2025, General Election.

(*Id.* at PageID.57.)  Accordingly, because Plaintiff never initiated the candidacy

process and did not suffer any official adverse action affecting his eligibility, he

has failed to demonstrate a concrete and particularized injury sufficient for

standing.  Without an actual denial of ballot access or other official action by

Defendant, Plaintiff's claims remain speculative and nonjusticiable under Article

III.

### (b) Plaintiff Alleged a Hypothetical Injury

Plaintiff does not dispute that he failed to submit the required paperwork to

the Department.  Plaintiff's initial complaint, first amended complaint, and second

amended complaint are void of any suggestions that he was formally disqualified

from running as a named candidate in the 2025 election.  (ECF Nos. 1, 7 & 14.)

---

[1] In note 2 of the Report and Recommendation, Judge Ivy acknowledged that the Parties filed supplemental briefs to address Plaintiff's write-in eligibility and potential write-in disqualification.  (ECF No. 35 at PageID.141.)  However, because the briefs were filed without the Court's permission, Judge Ivy did not consider their contents.  Nonetheless, the Court includes this footnote to provide context and to clarify that references to "disqualification" pertain only to Plaintiff's attempt to run as a named candidate.

Instead, Plaintiff suggests—only in filings submitted after his complaint—that he chose not to submit his paperwork because Defendant prevented him from doing so because of his outstanding balance.  (ECF No 21 at PageID.62.)  The Court acknowledges that Plaintiff is a pro se litigant and that the formalities of litigation and motion practice can be complex.  However, without Plaintiff establishing the facts necessary for standing in his amended complaint(s), the Court cannot exercise jurisdiction.

### (c)  Plaintiff's Concerns Regarding the 2024 Election

Plaintiff's initial complaint, first amended complaint, and second amended complaint each make clear that the claims before the Court are limited to his attempts to seek candidacy during the 2025 election cycle.  However, on July 30, 2025, Plaintiff uploaded an exhibit containing a letter discussing his formal disqualification from the 2024 election.  (ECF No. 18 at 44.)  To the extent Plaintiff intends to rely on that attachment to serve as the basis for a new claim relating to his 2024 disqualification, that issue is not properly before the Court.  As previously stated, — and as reflected in all of Plaintiff's complaints — his claims pertain solely to the 2025 election.  Accordingly, the Court cannot address the merits of any concerns related to prior election cycles or claims not presented in Plaintiff's complaint.

8

**Conclusion**

The Court made a *de novo* determination of the issues raised in Plaintiff's objections and reaches the same conclusion as Judge Ivy.  Plaintiff failed to properly allege that he suffered an injury in fact, so this matter must be dismissed. Given that Plaintiff never suffered an actual injury, the Court finds that there is no case or controversy to adjudicate.

Unfortunately, Plaintiff failed to allege facts in his complaint(s) to establish subject matter jurisdiction and failed to set forth viable objections to Magistrate Judge Ivy's R&R.  The Court therefore adopts Judge Ivy's recommendations.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss should be **GRANTED** and Plaintiff's motion for default judgment is **DENIED AS MOOT**.

> s/ Linda V. Parker
> LINDA  V. PARKER
> U.S. DISTRICT JUDGE

Dated: November 12, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 12, 2025, by electronic and/or U.S. First Class mail.

> s/Aaron Flanigan
> Case  Manager